**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**MARK HOLSOMBACH**                                                                              **PLAINTIFF**
**ADC# 134723**

**V.**                      **CASE NO. 5:15-CV-00222 BSM/BD**

**WENDY KELLEY, et al.**                                                    **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.**     **Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Chief United States District Judge Brian S. Miller. Any party may file written objections to this Recommendation. Objections must be specific and must include the factual or legal basis for the objection. All objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record. By not objecting, parties may waive your right to appeal.

**II.**     **Discussion:**

    A.     Background

Plaintiff Mark Holsombach, an Arkansas Department of Correction ("ADC") inmate housed at the Maximum Security Unit, filed this case pro se under 42 U.S.C. § 1983. (Docket entry #2) In his Complaint, Mr. Holsombach claims that he is being

threatened by fellow inmates and asks the Court to issue a temporary restraining order requiring Defendant Kelley, the Director of the ADC, to protect him from harm by staff and other inmates.[1]

In his verified complaint, Mr. Holsombach alleges that he has grieved this issue, but that his grievances have been stolen by ADC staff.[2]  Mr. Holsombach does not raise any constitutional claims or ask for any other relief in his complaint.

Defendant Kelley has responded to the motion for preliminary relief, stating that Mr. Holsombach is being housed in administrative segregation, where he is separated from the general population and is housed in a single-man cell. (#13, Ex. 1)  According to Defendant Kelley, Mr. Holsombach has been housed in administrative segregation for several years, and any time Mr. Holsombach leaves his cell, he is escorted by two officers. Defendant Kelley explains that he is safe from any harm at the hands of other inmates. (#13, Ex.1)

Defendant Kelley has also filed a motion for summary judgment, arguing that Mr. Holsombach did not exhaust his claims against her and, therefore, his complaint should be dismissed. (#14)

---

[1] The Clerk of Court consolidated case 5:15-CV-00224 E.D. Ark. into this case because Mr. Holsombach requested the same relief in both civil lawsuits.  (#4)

[2] Mr. Holsombach asks the Court to order Defendant Kelley to release copies of his grievances.  (#2)

B.   Exhaustion

In her motion for summary judgment, Defendant Kelley states that Mr. Holsombach's claims must be dismissed because he did not file grievances against her during the relevant time. In fact, she states that Mr. Holsombach did not file any grievances at all complaining about threats from other inmates. In support, she attaches the affidavit of Barbara Williams, an Inmate Grievance Supervisor for the ADC. (#16) Ms. Williams confirms Director Kelley's statements that Mr. Holsombach did not exhaust his administrative remedies as to Director Kelley or as to any ADC staff member regarding threats from other inmates.

Any claim that was not fully exhausted must be dismissed. Exhaustion, however, is an affirmative defense that a defendant must plead and prove. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005). If a prisoner was hindered from completing the exhaustion process by prison officials, the exhaustion requirement is excused. *Sergent v. Norris,* 330 F.3d 1084, 1085-86 (8th Cir. 2003)

In considering Director Kelley's motion for summary judgment, the Court must view evidence in a light most favorable to Mr. Holsombach. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986). While Defendant Kelley has come forward with evidence that Mr. Holsombach did not exhaust administrative remedies, Mr. Holsombach's verified complaint avows that he did file grievances, but

that ADC staff members stole those grievances. (#2) The Court is not free to weigh the evidence at the summary judgment stage of a lawsuit. Summary judgment on the issue of exhaustion (#14), therefore, should be denied because there is a contested issue of fact.

    C.    Injunctive Relief

In considering whether to grant injunctive relief, the Court must consider: (1) the threat of irreparable harm to Mr. Holsombach; (2) the balance between the possible harm to Mr. Holsombach and the burden an injunction would place on Director Kelley and the ADC; (3) the probability that Mr. Holsombach will succeed on the merits; and (4) the public interest. *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (*en banc*). No single factor is dispositive. *Id*. at 113. Without a showing of real or immediate threat, however, there can be no showing of irreparable injury. *Randolph v. Rogers*, 170 F.3d 850, 856 (8th Cir. 1999) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)).

Given that Mr. Holsombach is being held in administrative segregation and is not allowed to have contact with the general prison population, he cannot show that he faces irreparable injury absent court intervention. Possible harm cannot support preliminary injunctive relief. *Randolph v. Rodgers*, 170 F.3d 850, 857 (8th Cir. 1999). Accordingly, his request for a preliminary injunction (#2) should be denied.

### III.   Conclusion:

Defendant Kelley's motion for summary judgment (#14) on the issue of exhaustion should be DENIED. Mr. Holsombach's request for preliminary injunctive relief (#2) should be DENIED on the merits.

Because the only relief Mr. Holsombach seeks in his complaint is a preliminary injunction, there are no issues remaining in the lawsuit. For that reason, this case should be DISMISSED, with prejudice.

DATED, this 20th day of August, 2015.

_____
UNITED STATES MAGISTRATE JUDGE