**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**MARK HOLSOMBACH**                                                          **PLAINTIFF**
**ADC# 134723**

V.                     **CASE NO. 5:15-CV-00222 BSM/BD**

**WENDY KELLEY, et al.**                                              **DEFENDANTS**

## ORDER

Plaintiff Mark Holsombach filed this case pro se under 42 U.S.C. § 1983. (Docket entry #2) Mr. Holsombach has now filed a motion to amend his complaint. (#29) In the proposed amended complaint, he claims denial of access to the courts, a due process violation, failure to protect, retaliation, deliberate indifference, and unconstitutional conditions of confinement that span over ten years. (#29) There are several problems with his proposed amended complaint.

First, Mr. Holsombach may not include in one lawsuit <u>several unrelated incidents</u>. Accordingly, Mr. Holsombach must file an amended complaint including only <u>one</u> constitutional claim in this lawsuit.

Second, the claim Mr. Holsombach chooses must be related to the injunctive relief he sought in the initial complaint and his motion for preliminary injunctive relief. It is well established that a party moving for preliminary injunctive relief must establish a relationship between the injury claimed in the motion and the conduct asserted in the complaint. *Devose v. Herrington*, 42 F.3d470 (8th Cir. 1994).

Third, Mr. Holsombach proposes to name as Defendants the Commissioner of the Arkansas Department of Correction ("ADC"); Wendy Kelley, the Director of the ADC; the ADC Director's office; the Office of Commissioner of Corrections; and the Office of the Chief Director of the ADC. In a § 1983 action, a supervisor cannot be held vicariously liable for the constitutional violations of a subordinate on a respondeat superior theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that the "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability"). Thus, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Accordingly, Mr. Holsombach must explain how <u>each named Defendant</u> violated his rights and caused him injury

Fourth, Mr. Holsombach's allegations span over ten years. The statute of limitations for a § 1983 action is the forum state's statute of limitations for a personal injury claim, which in Arkansas is three years. *Miller v. Norris,* 247 F.3d 736, 739 (8th Cir. 2001) (citing Ark. Code Ann. § 16-56-105); *Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992) (same). A district court may properly dismiss an *in forma pauperis* complaint as frivolous when it is apparent from the face of the complaint that the statute of limitations has run. *Myers v. Vogal*, 960 F.2d 750 (8th Cir. 1992); *Housley*

*v. Erwin,* Case No. 08-1732, 2009 WL 1444182 (8th Cir. May 26, 2009) (unpublished opinion); *Denoyer v. Dobberpuhl*, Case No. 99-3941, 2000 WL 199764 (8th Cir. Feb. 18, 2000) (unpublished opinion).

Mr. Holsombach has thirty days to file an amended complaint. His failure to comply with this Order could result in the dismissal of his lawsuit. Local Rule 5.5.

IT IS SO ORDERED, this 3rd day of December, 2015.

_____
UNITED STATES MAGISTRATE JUDGE